# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO.: 1:10-CV-00085-TBR

**GREENVIEW HOSPITAL, INC.,**
**d/b/a GREENVIEW REGIONAL HOSPITAL**                                    **PLAINTIFF**

v.

**DR. ERIC WOOTEN**                                                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Compel Arbitration and Enjoin Defendant from Pursuing State Court Action (DN3). Defendant has filed a response (DN 12). Plaintiff has filed a reply (DN 13). For the following reasons, Plaintiff's motion is **GRANTED**.

Also before the Court is Defendant's Motion to Dismiss or in the Alternative Motion to Stay Proceedings (DN 9). Plaintiff has filed a response (DN 11). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is **DENIED**.

Also before the Court are Plaintiff's Requests for Hearing (DNs 7, 16). Defendant has filed a response (DN 8). Plaintiff has filed a reply (DN 10). This matter is ripe for adjudication. Plaintiff's requests are **DENIED**.

## BACKGROUND

This case arises out of a contract dispute. Plaintiff, Greenview Hospital, Inc. ("Greenview"), and Defendant, Dr. Eric Wooten ("Wooten"), entered a purported contract on or about October 8, 2010, for Wooten to perform medical services at Greenview's hospital.

On February 23, 2010, Wooten filed suit in Warren Circuit Court for a declaration of rights in regard to the purported contract. Wooten requested the court find the arbitration provision is void, to enforce the contract and award damages for breach. Wooten also alleges the contact is void as

against public policy and is unconscionable. Greenview filed notice of removal on February 26, 2010, asserting both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to § 1332. Wooten moved for remand which was granted.

Greenview then filed this action on May 7, 2010, to compel arbitration and enjoin Wooten from pursuing the state court action.

## DISCUSSION

Greenview has filed a motion to compel arbitration as well as multiple requests for a hearing on the motion to compel. Wooten has moved the Court to dismiss this case or, in the alternative, stay the proceedings.

**I. Motion to Dismiss or Stay**

Wooten has filed a motion to dismiss or in the alternative stay the proceedings. Wooten argues that it is within the discretion of the Court to stay this action asserting that a stay is appropriate based on the doctrine of comity, there are state law issues involved, the state court case is identical to the case now before the Court, and the state court is capable of resolving these issues. Wooten in his motion relies on case law predating *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, which is the leading and most applicable case to the issues before the Court. 460 U.S. 1 (1983).

While "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction . . . [there are] circumstances permitting the dismissal [or stay] of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976). These circumstances

"are considerably more limited than the circumstances appropriate for [other forms of] abstention. The former circumstances, though exceptional, do nevertheless exist." *Id.*

There are two basic steps that must be completed by the district court in determining whether to stay a case pursuant to *Colorado River*. First, the district court must determine if the concurrent state and federal cases are parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Id.* at 340 (internal citations and quotations omitted). In *Romine*, the Sixth Circuit held the cases were parallel where the parties were substantially similar, although not identical, and the claims against the defendants were "predicated on the same allegations as to the same material facts". *Id.*

If the cases are parallel, then the district court must apply the multi-factor balancing test set forth initially in *Colorado River* and expanded by later case law. *Romine*, 160 F.3d at 340-41. This balancing test includes such factors as

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal [or stay]." *Colorado River*, 424 U.S. at 818-19 (internal citations omitted). In other words,

> the decision whether to dismiss [or stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, *with the balance heavily weighted in favor of the exercise of jurisdiction*. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Memorial Hosp.*, 460 U.S. at 16 (emphasis added).

The cases before the Court here are parallel: each case involves the same parties and are predicated on the same allegations. Therefore, the Court must balance the *Colorado River* factors to determine whether or not to stay the case now before it. The first factor is not present in this case: there is no assumption by either court of jurisdiction over any res or property. Thus, this factor weighs against staying the case. *See Romine*, 160 F.3d at 341. The second factor also weighs against a stay as both courthouses where the cases at issue have been filed are located in Bowling Green, Kentucky.

The third factor, avoidance of piecemeal litigation, weighs against staying the case. The Court finds there is no danger of piecemeal litigation in this case as the primary issue appears to be the question of arbitrability. Even if there were such a danger, the Supreme Court in *Moses H. Cone Memorial Hospital* held that "the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." 460 U.S. at 20 (emphasis in original).

The next factor is the order in which jurisdiction was obtained. This factor is closely tied with the relative progress of the state court case: "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.* at 21. Here, the state court case was filed on February 23, 2010 while the federal action was filed May 7, 2010, a little over two months later. Greenview argues this matter is further along in federal court because arbitrability issue is ready for decision while it would not be ripe in

4

state court until some time after June 22, 2010. This argument is no longer applicable as the state court has already ruled on the issue of arbitrability. Thus, this factor is neutral.

Next, the Court must consider whether the source of governing law is state or federal. The Supreme Court in *Moses H. Cone Memorial Hospital* explained

> the source-of-law factor has less significance here . . . since the federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts. But we emphasize that our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction. Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender, the presence of federal-law issues must always be a major consideration weighting against surrender.

460 U.S. at 25-26 (internal citations omitted) (emphasis in original). As explained, this factor is tied to the consideration of the presence or absence of concurrent jurisdiction.

The complaint in this case concerns only the issues of arbitrabilty and enjoining Wooten from continuing his state court action. Both of these issues involve questions of federal law, particularly the Federal Arbitration Act ("FAA") and Anti-Injunction Act. Wooten argues there are issues of state law, e.g., the contract which he seeks to enforce in the state action is governed by Kentucky law and he asserts the provision for arbitration is void and unenforceable under existing Kentucky law. Arbitrability is governed by federal law, whether the issue is before the state or federal court. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24. Even though the state has concurrent jurisdiction under the FAA, the source of governing law in this matter is federal. The presence of a federal-law issue is a major consideration weighing heavily against a stay.

Finally, the Court must consider the adequacy of the state court case to protect the federal plaintiffs' rights. In *Moses H. Cone Memorial Hospital*, the Supreme Court found there was doubt

5

as to whether the state court could compel arbitration so that a stay was inappropriate. 460 U.S. at 27. Here, Greenview has asserted there is the same doubt that a Kentucky court has the jurisdiction to compel arbitration. In fact, the state court has ruled that it is without jurisdiction to compel arbitration, therefore, the state court is particularly inadequate to protect Greenview's federal rights. This factor weighs heavily against staying the case.

The balance of the relevant factors strongly counsels against staying the case. Due to the nature of the significant federal rights at issue this is not a case warranting this Court stay the proceedings due to pending state court litigation. Wooten's motion is denied.

**II. Motion to Compel Arbitration**

The FAA holds that a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (quoting 9 U.S.C. § 2).

When asked to compel arbitration, a court must make several determinations before compelling arbitration:

> When considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). As a general rule, any doubts regarding arbitrability should be resolved in favor of arbitration. *Fazio v. Lehman Brothers, Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,

24-25(1983)).

Greenview moves the Court to order the parties proceed to arbitration and enjoin Wooten from proceeding with his state court action. Greenview has asserted that there was an agreement to arbitrate and that the claims raised by both parties are within the scope of the agreement. Wooten raises no argument that the arbitration agreement was not validly entered into, or that the issues raised were not within the scope of that agreement. Wooten instead argues that the choice-of-law provision requires Kentucky law be applied and since the arbitration agreement is unenforceable under Kentucky law this Court cannot compel arbitration.

The Supreme Court in *Mastrobuono v. Shearson Lehman Hutton, Inc.*, held that the choice-of-law provision governs only how to define the contractual duties of the parties, while the arbitration clause should be read without reference to the general choice-of-law provision. 514 U.S. 52, 64 (1995). In *Mastrobuono*, the contract contained an arbitration clause and a general choice-of-law provision stating that New York law governed. *Id.* at 54-5. New York law stated that an arbitrator could not award punitive damages; however, the arbitrators awarded punitive damages relying on the arbitration clause. *Id.* The lower court held that the general choice-of-law provision stating that New York law controlled meant that the arbitrators could not award punitive damages. *Id.* at 55. The Supreme Court reversed finding that the choice-of-law provision did not override the arbitration clause. *Id.* at 60. The Court found the choice-of-law provision may be read, in isolation, as a substitute for the conflict-of-laws analysis that would otherwise apply. *Id.* at 59. The arbitration provision authorized arbitration in accordance with the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure. *Id.* at 60-61. After looking at both provisions individually and together, the Supreme Court, in part, relied upon the principle of contract

construction that "a document should be read to give full effect to all its provisions and to render them consistent with each other." *Id.* at 63. The Court explained,

> the best way to harmonize the choice-of-law provision with the arbitration provision is to read "the law of the State of New York" to encompass substantive principles that New York court would apply, but not to include special rules limiting the authority of arbitrators. Thus, the choice of law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration, neither [clause] intrudes upon the other.

*Id.* at 63-64.

Here, paragraph 24 of the contract reads:

Governing Law: This Agreement shall be construed and enforced in accordance with the laws of the State in which the Hospital is located without regard to its conflicts of law provisions.

The arbitration clause states:

Any controversy or claim arising out of or related to this Agreement, any Addenda hereto, or any breach thereof, shall be settled by mandatory binding arbitration with the rules and procedures of alternative dispute resolution and arbitration established by the Alternative Dispute Resolution Service of the American Health Lawyers Association ("AHLA") or, in the sole discretion of Hospital, by the Commercial Arbitration Rules of the American Arbitration Association ("AAA").

The plain language of both provisions reflects that the "Governing Law" provision was intended to avoid conflict-of-law issues, while the arbitration provision was intended to be governed by the rules and procedures of the AHLA or AAA. Thus, as in *Mastrobuono*, "the choice of law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration, neither [clause] intrudes upon the other." *Id.* at 64. While Kentucky law may otherwise govern the contract between the parties, it does not govern the arbitration clause or make it unenforceable.

The Court must now consider the four tasks set out *Stout* and conclude whether arbitration should be compelled. 228 F.3d at 714. As stated, Greenview has asserted that there was an

8

agreement to arbitrate and that the claims raised by both parties are within the scope of the agreement. Wooten has not disputed these assertions and the Court finds they are supported by the record. The third and forth determinations are not applicable in this case. Based on these findings, the Court concludes that arbitration is appropriate and the rest of these proceedings shall be stayed pursuant to the FAA pending completion of arbitration.

### a. Enjoin State Court action

Greenview also moves this Court to enjoin Wooten from proceeding with his state court action. While the FAA requires a federal court to stay their own proceedings, it does not specifically authorize federal courts to stay pending state court cases. *Great Earth Co., Inc. v. Simons*, 288 F.3d 878, 893 (2002) (quoting *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir. 1981)). The federal court's authority to enjoin state-court proceedings is, therefore, subject to the legal and equitable standards for injunctions generally, including the Anti-Injunction Act, 28 U.S.C. § 2283. The Act provides, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

In *Great Earth*, the Sixth Circuit found the district court's injunction of the state-court proceedings after compelling arbitration did not violate the Anti-Injunction Act. 288 F.3d at 894. The court reasoned that the injunction fell "within the exception for injunctions 'necessary to protect or effectuate [the district court's] judgments." *Id.* The court concluded "[a]n injunction of the state proceedings [was] necessary to protect the final judgment of the district court on this issue." *Id.* (citing *In re Arbitration Between Nuclear Elec. Ins. Ltd. and Cent. Power & Light Co.*, 926 F.Supp. 428, 436 (S.D.N.Y.1996) ("The courts in this district have consistently held that a stay [of

state-court proceedings], when issued subsequent to or in conjunction with an order compelling arbitration concerning the same subject matter as the state-court proceeding, falls within one or both of [the 'aid of jurisdiction' exception or the relitigation exception]."); *accord TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir.1998) ("When a federal court has ordered arbitration, a stay of the state-court action may be necessary to insure that the federal court has the opportunity to pass on the validity of the arbitration award.")).

As enjoining the state proceeding is not barred by the Anti-Injunction Act and such injunction would serve to protect or effectuate this Court's judgments, Wooten is enjoined from pursuing the pending state court action before the Warren Circuit Court.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendant's Motion to Dismiss or in the Alternative Motion to Stay Proceedings is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's requests for a hearing are **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Compel Arbitration and Enjoin Defendant from Pursuing State Court Action is **GRANTED**. This matter shall be **STAYED**, pursuant to 9 U.S.C. § 3, until the arbitration is complete, at which time either party may petition the Court to lift the stay and to take appropriate action. Wooten is **ENJOINED** from pursuing the pending state court action before the Warren Circuit Court.